IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RONNIE L. EWINGS,

      Petitioner,

v.               //       CIVIL ACTION NO. 1:11CV153
                                    (Judge Keeley)

TERRY O'BRIEN,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the petition filed by the petitioner, Ronnie L. Ewings ("Ewings"), pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety.

**I.**

On September 29, 2011, Ewings filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1), alleging that the United States Parole Commission ("the Commission") violated his substantive due process rights when it exercised jurisdiction over him and revoked his parole. The Court referred the matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On November 16, 2011, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss or, alternatively, Motion

**EWINGS v. O'BRIEN**                                                    **1:11CV153**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

for Summary Judgment. (Dkt. No. 9). Ewings, by counsel, filed a
response in opposition to the motion on November 20, 2011, (dkt.
no. 14), and later filed two affidavits in support of his claims.
(Dkt. Nos. 15, 17). O'Brien filed a reply in support of his motion
on December 14, 2011. (Dkt. No. 16).

Magistrate Judge Kaull issued an Opinion and Report and
Recommendation ("R&R") on June 19, 2012, which recommended that
O'Brien's motion to dismiss or for summary judgment be granted and
Ewings' § 2241 petition be denied and dismissed with prejudice.
(Dkt. No. 18). Magistrate Judge Kaull determined that Ewings'
substantive due process rights had not been violated because the
actions of the Commission did not involve any affirmative
governmental misconduct or cause him significant prejudice. Id. at
11.

On June 29, 2012, Ewings filed two objections to Magistrate
Judge Kaull's R&R which, in essence, contend that the magistrate
judge utilized the incorrect test for his substantive due process
claim, and that under the proper test the respondent's motion
should be denied. (Dkt. No. 19). O'Brien filed a response in
support of the magistrate judge's R&R on July 13, 2012. (Dkt. No.
20). After conducting a de novo review, the Court concludes that
Ewings' objections are without merit.

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

II.

On June 16, 1994, the Superior Court for the District of Columbia sentenced Ewings to a twelve-year term of imprisonment for attempted possession with intent to distribute cocaine. Four days later, on June 20, 1994, the same court sentenced Ewings to a consecutive fifteen-year term of imprisonment for possession of a firearm during a crime of violence and assault with a dangerous weapon. In total, Ewings received a sentence of twenty-seven (27) years for these convictions, set to expire "full term" on January 6, 2021.

Ewings became eligible for parole from the combined sentence on October 4, 2001. After initially denying release, the United States Parole Commission ("the Commission")[1] conducted a hearing on September 28, 2004, and authorized Ewing's release on parole effective May 5, 2005. At the time he was paroled, approximately fifteen (15) years and eight (8) months of Ewings' twenty-seven (27) year term parole remained.[2] On April 4, 2006, the Commission

_____

[1] The United States Parole Commission was vested with the authority to administer the District of Columbia's parole system on August 5, 1998. See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C.Code § 24-131(a) (1)).

[2] Although the expiration of Ewings' full prison term, and consequent parole termination date, was accordingly January 6, 2021, the parole certificate originally issued by the Commission mistakenly identified this date as May 15, 2006.

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

issued a revocation warrant for Ewings based upon his drug use
while on supervision. The warrant accurately stated that Ewings had
been "released on parole" from his sentence "with 5,725 days
remaining to be served." (Dkt. No. 10-9 at 1). The warrant
application went on to correctly identify January 6, 2021, as the
operative termination date of his parole. Id. 3. Ewings, via
signature, acknowledged his receipt of the executed warrant on
April 18, 2006. Id. at 2. Although the Commission later found
probable cause for the alleged violations, it declined to revoke
Ewings' parole and closed Ewings' case on June 6, 2006. (Dkt. No.
1 at 4).

On April 30, 2007, Ewings stabbed a man who had attempted to
intervene in an argument between him and a female acquaintance. He
ultimately pled guilty to Assault with a Dangerous Weapon before
the Superior Court of the District of Columbia on July 23, 2007. In
preparation for the sentencing hearing, a Community Supervision
Officer ("CSO") for the Court Services and Offender Supervision
Agency for the District of Columbia ("CSOSA") prepared a
presentence report ("PSR") which noted that, although there
appeared to be a discrepancy as to the termination date of Ewings'
parole, both the Bureau of Prisons' SENTRY computer system and the
District of Columbia's Jail and Community Corrections System
("JCCS") identified January 6, 2021 as the expiration date for his

4

EWINGS v. O'BRIEN                                    1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

parole term. (Dkt. No. 11-2 at 7).

On September 26, 2007, apparently in reaction to the CSO's
discovery while drafting the PSR, the CSOSA re-activated Ewings'
case and re-assigned it to a CSO. (Dkt. No. 10-19 at 2). The newly
assigned CSO, Kim Padilla, confirmed with the Commission on
October 3, 2007, that the correct expiration date of Ewings' parole
was January 6, 2021, not May 15, 2006. Id.

Approximately one week later, on October 11, 2012, Ewings
appeared before the Superior Court of the District of Columbia,
where he was sentenced to forty-eight (48) months of incarceration
on the Assault with a Dangerous Weapon charge. Although defense
counsel mentioned at the sentencing hearing that she believed the
petitioner's parole supervision had terminated prior to his
commission of the assault, the court neither reacted to this
statement nor delved into the matter in any detail.[3]

_____

[3] Prior to launching into a lengthy allocution regarding the appropriate
sentence for the assault charge, defense counsel stated as follows:

> First of all with respect the Presentence Report itself, the
> only discrepancy that I see is there – there seems to be some
> discrepancy in the respect as to whether Mr. Ewings is on
> supervised release or parole at the time this occurred, and he
> – he was not on either. He had finished out every previous
> sentence and was no longer on parole or supervised release, so
> I just wanted to clear this up.

(Dkt. No. 10-22 at 8). Neither the sentencing court nor the government
reacted to this statement. Notably, the prosecuting attorney had
apparently been asked to stand in only moments earlier, and had in fact
advised the court that she didn't know "anything" about the case and did
not "even have a copy of the Presentence Report." Id. at 2. The record

5

EWINGS v. O'BRIEN                                         1:11CV153

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

The day after the sentencing, CSO Padilla submitted a Violation Report to the Commission detailing the petitioner's role in the 2007 assault. (Dkt. No. 10-19 at 2). Later that month, on October 25, 2007, the Commission issued an amended certificate of parole, correcting Ewings' parole termination date from May 15, 2006 to January 6, 2021. <u>Id.</u> That same day, the Commission issued a revocation warrant for Ewings which was placed as a detainer pending completion of his sentence for the 2007 assault. <u>Id.</u> Although Ewings, through counsel, later requested the discontinuation of these revocation proceedings based upon the error in the original Certificate of Parole, the Commission determined that it retained jurisdiction and that there was no legal basis to withdraw the warrant. (Dkt. No. 1-7 at 1).

On February 1, 2011, the Commission conducted a hearing on the revocation warrant at which Ewings, represented by counsel, admitted to the 2007 assault, as well as two disciplinary infractions within the BOP concerning drugs. After consideration of the evidence, the Hearing Examiner recommended that his parole be revoked. Subsequent to this hearing, the Commission ordered execution of the revocation warrant as of February 22, 2011, the date on which Ewings finished serving his forty-eight (48) month sentence for the 2007 assault conviction. It then revoked his

does not reflect whether a CSO was present at the hearing.

6

EWINGS v. O'BRIEN                                        1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

parole, ordered the loss of credit for his time on parole, and
issued a presumptive reparole date of November 21, 2015, after
service of 102 total months.[4] Ewings appealed this decision on
April 28, 2011, arguing inter alia that he was not on parole at the
time of the 2007 assault. (Dkt. No. 10-20 at 3). The Commission
affirmed the decision on July 13, 2011, finding:

> A prisoner has no constitutional right to object to the
> correction of an unintentional miscalculation of his
> sentence. See Davis v. Moore, 772 A2d. 204 (D.C. 2001)
> (en banc) citing United States v. Merritt, 478 F. Supp.
> 804, 807 (D.D.C. 1979) ("A convicted person will not be
> excused from serving his sentence merely because someone
> in a mistrial [sic] capacity makes a mistake with respect
> to its execution.").

(Dkt. No. 10-21 at 1).

     Pursuant to 28 U.S.C. § 2241, Ewings now argues that the
actions of the Commission violated his substantive due process
rights. He asks the Court to "vacate the 102 month prison sentence
and dismiss the United States Parole Commission proceedings against
him." (Dkt. No. 1 at 13).

                              III.

     Magistrate Judge Kaull found no case on all fours with Ewings'
claim, and relied on two cases from the Fifth and Ninth Circuit
Courts of Appeals for the proposition that courts "faced with the

---

[4] As noted by the government, the 48-month sentence for the 2007 assault
is credited toward the 102-month term. See 28 C.F.R. § 2.100(d)(2).

7

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

issue of whether the United States Parole Commission can execute a
valid revocation warrant after the parolee has been erroneously
discharged from parole[] tend[] to find no constitutional
violation" without either "affirmative governmental misconduct or
significant prejudice to the individual." (Dkt. No. 18 at 10)
(citing Ward v. United States Parole Comm'n, 233 F. App'x 360 (5th
Cir. 2007) and Russie v. United States Dep't of Justice, 708 F.2d
1445 (9th Cir. 1983)). Finding neither affirmative governmental
misconduct nor significant prejudice to Ewings in this case, the
magistrate judge recommended dismissal of his claims.

     In his objections to the R&R, Ewings first argues that the
proper test for his claim was identified by the Fourth Circuit
Court of Appeals in Hawkins v. Freeman, 195 F.3d 732 (4th Cir.
1999) (en banc). Second, he contends that there is a genuine issue
of material fact as to whether he relied upon the erroneous May 15,
2006, parole termination date and was prejudiced thereby. (Dkt. No.
19 at 2,5). The Court addresses each of these arguments in turn.

**A.**

     As an initial matter, Ewings is correct that Hawkins
establishes the appropriate test for a substantive due process
claim premised upon an executive act. 195 F.3d at 741-43. His
argument that the application of Hawkins mandates a conclusion

8

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

different than that reached by the magistrate judge is, however, incorrect.

In Hawkins, a state defendant was mistakenly granted parole. Twenty months later, the state noticed the error, revoked the parole, and arrested and reincarcerated the defendant. Hawkins, 195 F.3d at 750. The Fourth Circuit found that this action did not meet the threshold "shock the conscience" test and was not, therefore, the kind of executive conduct that would support a substantive due process claim. Id. at 746. Notably, the Fourth Circuit determined:

> To declare the Parole Commission's decision so "egregious and outrageous" as to "shock the contemporary conscience" under these circumstances, we would have to believe that it was infected or driven by something much worse - more blameworthy - than mere negligence, or lack of proper compassion, or sense of fairness, or than might invoke common law principles of estoppel or fair criminal procedure to hold the state to its error. To keep things in constitutional proportion, we would have to see in it a mindless "abus[e of] power," or a deliberate exercise of power "as an instrument of oppression," [Collins v. Harker Heights, 503 U.S. 115, 126 (1992)] (quotation omitted), or power exercised "without any reasonable justification in the service of a legitimate governmental objective." [County of Sacramento v. Lewis, 118 S. Ct. 1708, 1716 (1998)].

Id.

As described in Hawkins, the "threshold question" for any substantive due process claim based on an executive act is "whether the challenged conduct was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" 195 F.3d

9

EWINGS v. O'BRIEN                                    1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

at 738 (quoting Lewis, 118 S. Ct. at 1716). "If it does not meet that test, the claim fails on that account, with no need to inquire into the nature of the asserted liberty interest." Hawkins, 195 F.3d at 738.

Whether an executive act meets this threshold test is, necessarily, an "imprecise" inquiry. Id. at 741. "[S]imple negligence," for example, "never can support a claim of substantive due process violation by executive act." Hawkins, 195 F.3d at 742 (citation omitted). Rather, the petitioner must point to conduct that is "'intended to injure in some way unjustifiable by any government interest.'" Id. at 742 (quoting Lewis, 118 S. Ct. at 1718).

Here, Ewings argues that the Commission's exercise of jurisdiction over him after having erroneously closed his case establishes an "arbitrary abuse of executive power." (Dkt. No. 19 at 3). As the Fourth Circuit concluded in Hawkins, however, both erroneous release and delayed incarceration are "surprisingly widespread and recurring phenomen[a]" in which the "routine, seemingly invariable, executive practice has been to incarcerate, rejecting any claim of entitlement to freedom." Hawkins, 195 F.3d at 742, 743 (footnote omitted) (citations omitted).[5] Contrary to

---

[5] The cases cited by the magistrate judge appear to focus on governmental estoppel, as opposed to substantive due process. See Ward, 233 F. App'x at 361 ("A notice of discharge issued by mistake does not estop the USPC

10

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

Ewings' argument, then, the Commission's correction of its prior error, standing alone, is insufficient to establish any presumption of arbitrariness "'in the constitutional sense.'" Id. at 744. Here, as in Hawkins, "[t]here were legitimate governmental objectives" justifying the Commission's actions – it rectified an error in administering D.C. parole law, "thereby furthering the . . . fundamental interest in the correct application" of the law, avoided irregular administration of the applicable parole standards, and re-established supervision over an apparently high-risk and violent parolee. Id. at 746.

In sum, after conducting a thorough, de novo review of the entire record in this case, the Court agrees with the magistrate judge that "nothing in the record indicates that the actions taken by the United States Parole Commission extended beyond mere negligence." (Dkt. No. 18 at 10). Ewings therefore has failed to establish the threshold requirement that the Commission's exercise of jurisdiction over him and subsequent revocation of his parole

_____

from acting on a violator's warrant absent a showing of affirmative misconduct by the government and a showing that the parolee was prejudiced." (emphasis added)); Russie, 708 F.2d at 1448 ("Russie has failed to demonstrate affirmative misconduct by the government of the kind that must exist before estoppel can be applied." (emphasis added)). To the extent that the petitioner has argued claims arising under substantive due process, decisions based on "governmental 'estoppel' . . . grounds have no relevance to issues of constitution-level executive arbitrariness," Hawkins, 195 F.3d at 743, n.5 (citations omitted), except perhaps to highlight how courts, when faced with situations similar to Ewings', have regularly upheld the executive decision to reincarcerate.

EWINGS v. O'BRIEN                                          1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

was "not only 'wrong' but egregiously so by reason of its abusive
or oppressive purpose and its lack of justification by any
government interest." Id. at 744 (citing Lewis, 118 S. Ct. at
1718). The Court thus **OVERRULES** the petitioner's first objection to
the R&R.

### B.

Ewings' second objection centers around the magistrate judge's
application of the final prong the test he derived from the Fifth
and Ninth Circuits, i.e., whether the petitioner was prejudiced by
the Commission's conduct. (Dkt. No. 19 at 5). Insofar as he has
insisted, and the Court has agreed, that the due process
considerations of Hawkins guide this case, Ewings' reliance on the
alleged error in his parole date has no relevance separate from the
analysis discussed above. Rather, when viewed in the context of
substantive due process, this objection appears to focus on whether
Ewings' reasonable expectations gave rise to a liberty interest in
his freedom. In light of the Court's determination that the
Commission's actions do not "shock the conscience," Ewings' "claim
fails on that account, with no need to inquire into the nature of
the asserted liberty interest." Hawkins, 195 F.3d at 738.
Accordingly, the Court **OVERRULES** the second objection to the R&R.

EWINGS v. O'BRIEN                                           1:11CV153

ORDER ADOPTING REPORT AND RECOMMENDATION

IV.

For the reasons discussed, the Court:

1.    **ADOPTS** the Report and Recommendation in its entirety
      (dkt. no. 18);

2.    **GRANTS** O'Brien's Motion to Dismiss or for Summary
      Judgment (dkt. no. 9);

3.    **DENIES** Ewings' § 2241 petition (dkt. no. 1); and

4.    **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and
      **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of
Court to enter a separate judgment order and to transmit copies of
both orders to counsel of record.

Dated: September 17, 2012.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE

13